IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
**Richmond Division**

| | |
|---|---|
| BOY BLUE, INC., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. 3:09-CV-483–HEH |
| ) | |
| ZOMBA RECORDING, LLC, and ) | |
| SONY MUSIC ENTERTAINMENT ) | |
| ) | |
| Defendants. ) | |
| ) | |

**MEMORANDUM OPINION**
(Granting Defendants' Motion to Dismiss)

This is an action for damages for tortious interference with the management contract of recording artist Chris Brown. It is presently before this Court on Defendants' Motion to Dismiss, filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. The Defendants contend that the Complaint fails to state a claim and is barred by the statute of limitations. Both parties have filed memoranda of law supporting their respective positions. The Court will dispense with oral argument because the facts and legal contentions are adequately presented in the materials presently before the Court and argument would not aid in the decisional process. For the reasons discussed herein, the Court finds the Plaintiffs have failed to plead any actionable claims.

**I.**

Chris Brown ("Brown") is a entertainer and recording artist. Joyce Hawkins ("Hawkins"), Brown's mother, signed a "Fee Assignment Agreement" and an "Exclusive

Artist Management Agreement" with Plaintiff Boy Blue on behalf of her then-minor son Brown in March of 2002. The agreements authorized Boy Blue to manage Brown's professional affairs in exchange for a percentage of his gross income.

Although the underlying facts as plead are minimal, it appears that in December, 2004, Hawkins and Brown signed a recording contract with Defendant Zomba Recording LLC ("Zomba"), a division of Defendant Sony Music Entertainment ("Sony Music"). Hawkins simultaneously served notice on Plaintiff that Brown was disaffirming his Management Agreement with Boy Blue.

Plaintiff had previously filed suit in state court in 2005 against Brown, Hawkins, and Zomba, but Plaintiff nonsuited Zomba in April, 2006. The Complaint in the immediate case was filed in the Circuit Court for Essex County on May 19, 2009. Defendants removed the case to this Court on July 29, 2009.

Plaintiff alleges that Defendants Zomba and Sony Music were aware of the contractual agreements between Hawkins, Brown, and Boy Blue and interfered with these agreements. Count I of the Complaint alleges tortious interference of contract by Zomba. Count II alleges tortious interference of contract by Sony Music. Plaintiff requests $475,000 in damages plus costs and interest.

## II.

Rule 8 of the Federal Rules of Civil Procedure provides that "a pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that

the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Traditionally, "[a] motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; . . . it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), amplified the standard, noting that, to survive a motion to dismiss, a complaint must contain sufficient factual information to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. While it does not require "detailed factual allegations," *Twombly* held that Rule 8 of the Federal Rules of Civil Procedure does demand that a plaintiff provide more than mere labels and conclusions stating that the plaintiff is entitled to relief. *Id.* at 555. Thus, a complaint containing facts that are "merely consistent with" a defendant's liability "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* at 557. Rather, a complaint achieves facial plausibility when it contains sufficient factual allegations supporting the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* at 556; *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

In *Iqbal*, the Supreme Court observed that the time-honored tenet that a reviewing court must accept all of a complaint's allegations as true does not apply to legal conclusions. Therefore, the Court must initially distinguish between those factual allegations, which the Court must assume as true, and mere legal conclusions offered as factual assertions. *Id.* at 1949-50. After parsing the well-pleaded facts from legal

3

conclusions, the Court must then determine whether the Amended Complaint's factual allegations support a "plausible claim for relief." *Id.* at 1950. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'–'that the pleader is entitled to relief'" as required by Rule 8(a)(2). *Id.*

### III.

Defendants argue that the Complaint is devoid of factual foundation and fails to state a claim upon which relief can be granted as to both Counts. Since both counts plead similar claims, the Court will consider them together.

A claim of tortious interference requires a showing of: "(1) the existence of a valid contractual relationship or business expectancy; (2) knowledge of the relationship or expectancy on the part of the interferor; (3) intentional interference inducing or causing a breach or termination of the relationship or expectancy; and (4) resultant damage to the party whose relationship or expectancy has been disrupted." *T.G. Slater & Son, Inc. v. Donald P. and Patricia A. Brennan LLC*, 385 F.3d 836, 844 (4th Cir. 2004) (quoting *Chaves v. Johnson*, 230 Va. 112, 335 S.E.2d 97, 102 (1985)). In support of the second element of its claim – knowledge of the relationship or expectancy on the part of the interferor – Plaintiff claims that "[u]pon information and belief," Defendant Zomba had

knowledge of the agreements in place between Plaintiff and Brown and Hawkins. Am. Compl. ¶¶ 23, 30. It is well settled that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S. Ct. at 1949. This Court must therefore consider whether a pleading "upon information and belief," without further factual support, is sufficient to state an actionable claim. Pleading "upon information and belief" is appropriate when the factual basis supporting a pleading is only available to the Plaintiff at the time of pleading. *See, e.g., Boykin v. KeyCorp*, 521 F.3d 202, 215 (2d Cir. 2008) (holding that pleading upon "information and belief" is appropriate when the information is in the opposing party's possession); *Johnson v. Johnson*, 385 F.3d 503, 531 n.19 (5th Cir. 2004) ("'information and belief' pleadings are generally deemed permissible under the Federal Rules, especially in cases in which the information is more accessible to the defendant."). The Court finds that any facts establishing "knowledge of the relationship or expectancy on the part of the interferor" could, at this stage of the proceedings, be entirely within the possession of the opposing parties. In this circumstance, a pleading "upon information and belief" survives a 12(b)(6) challenge. The dignity accorded "information and belief" pleadings has more limited application in other contexts.

With the foregoing precept in mind, the Court will turn to the third element of the tortious interference of contract claim, namely "intentional interference inducing or causing a breach or termination of the relationship or expectancy." *T.G. Slater & Son,*

385 F.3d at 844. There are four subparts to this element that Plaintiff must plead: (1) intent, (2) interference, (3) breach or termination, and (4) causation. *See id.* Plaintiff simply pleads that its contract with Brown and Hawkins was terminated. For the remaining elements, Plaintiff's allegations are conspicuously lean on facts. They are nothing more than a listing of the required element with Defendant Zomba's or Sony Music's name inserted as the offending party. These allegations are simply sterile legal conclusions that "are not entitled to the assumption of truth." *Iqbal*, 129 S. Ct. at 1950. Stripped of such legal incantation, these allegations provide no factual support for the remaining elements of Plaintiff's tortious interference claim. Even viewed in its most favorable light, Plaintiff has not pled "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 1949. As a result, Plaintiff's Complaint fails to sufficiently plead a claim of tortious interference of contract.

## IV.

Arguing that a two-year statute of limitations applies to this claim, Defendants also allege that Plaintiff's claim is barred by Virginia's statute of limitations. Plaintiff counters that a five-year limit applies. Both sides have offered cases to support their position, and there is apparent disagreement among Virginia Circuit Courts on this issue. The Court, however, agrees with the other federal courts that have considered this question and concluded that a claim of tortious interference of contract is an injury to

property that is governed by Virginia's five-year statute of limitations.[1] Va. Code Ann. § 8.01-243(A) (2009); *see Williams v. Reynolds*, No. 4:06CV00020, 2006 U.S. Dist. LEXIS 79178, at *15 (W.D. Va. Oct. 31, 2006); *Welch v. Kennedy Piggly Wiggly Stores, Inc.*, 63 B.R. 888, 898 (Bankr. E.D. Va. 1986); *see also Handley*, 32 Va. Cir. at 545. Plaintiff's claims are therefore not time barred.

### V.

For these reasons, Defendant's Motion to Dismiss is granted without prejudice. An appropriate Order will accompany this Memorandum Opinion.

/s/

Henry E. Hudson
United States District Judge

Date: Sept. 16, 2009
Richmond, VA

---

[1] The Court takes note that Plaintiff requests damages for injury to its goodwill and reputation in addition to monetary damages. Virginia's two-year statute of limitations regarding personal injuries, Va. Code Ann. § 8.01-243(A) (2009), would bar recovery for these damages. *Handley v. BSA*, 32 Va. Cir. 524, 545 (1992).